UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vanda Lawanda Johnson, | ) C/A No. 4:11-02325-RBH-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| Secretary U.S. Dept. of Labor, et al., | ) |
| | ) |
| Defendants. | ) |

_____

This matter comes before the Court based on Plaintiff's motion to proceed *in forma pauperis.* Pursuant to the provisions of 28 U.S.C. §636, and Local Civil Rule 73.02 DSC, the undersigned is authorized to review all pretrial matters in litigation brought by persons proceeding *pro se* and submit findings and recommendations to the District Court. The sole issue before the Court is whether Plaintiff should be required to pay the three hundred fifty dollar ($350.00) filing fee, or whether her financial condition justifies proceeding without payment.

**APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS**

Vanda Lawanda Johnson ("Plaintiff"), has filed an Application to Proceed in District Court Without Prepaying Fees or Costs (AO Form 240), which has been construed as a motion to proceed *in forma pauperis* [ECF No. 4]. *See* 28 U.S.C. § 1915. In her application, Plaintiff reports income in the amount of $82,723.00 per year, with a bi-weekly income of $3,445.79. Special Interrogatories were drafted to determine whether Plaintiff's stated income was correct and, if so, to allow Plaintiff an opportunity to explain why she cannot pay the filing fee in this case. Plaintiff's Answers to the Court's Special Interrogatories reveal that she correctly reported her annual and bi-weekly income in the application [ECF No. 12]. Plaintiff references various federal statutes in the Special Interrogatories, but provides no information to demonstrate that she cannot pay the filing fee.

There is no clear precedent in the Fourth Judicial Circuit as to whether a magistrate judge has the authority to issue an order to deny an application to proceed *in forma pauperis*. The United States Court of Appeals for the Sixth Circuit has concluded that a magistrate judge cannot issue an order to deny an application to proceed *in forma pauperis*. In *Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990), the Sixth Circuit ruled that a denial of an application to proceed *in forma pauperis* by a magistrate judge is the functional equivalent of an involuntary dismissal, which cannot be granted by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). The United States Court of Appeals for the Tenth and Fifth Circuits have reached similar conclusions. *See Lister v. Dept. of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Donaldson v. Ducote*, 373 F.3d 622, 623-25 (5th Cir. 2004). Therefore, the undersigned submits a Report and Recommendation so that the Plaintiff may obtain a *de novo* review by a United States District Judge.

Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980). In *Carter v. Telectron, Inc.*, 452 F. Supp. 939 (S.D.Tex. 1976), the Court noted that the following legal tests have been used to determine whether a person may proceed *in forma pauperis* under 28 U.S.C. §1915:

(1) Is the litigant barred from the federal courts by the reason of his "impecunity?"

(2) Is his access to the courts blocked by the imposition of an undue hardship?

(3) Is the litigant forced to contribute his last dollar, or render himself destitute, to prosecute his claim?

452 F. Supp. at 943. In addition, the Seventh Circuit has held that the "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who ... would

remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

In this case, it does not appear that the Plaintiff would be rendered destitute by paying the filing fee of three hundred fifty dollars ($350.00), nor is there any indication that requiring payment of the filing fee would impose an undue hardship or effectively block Plaintiff's access to the courts. *See Ali v. Cuyler*, 547 F. Supp. 129 (E.D. Pa. 1982) (where the plaintiff had $450.00 in savings the district court and the magistrate believed that amount was sufficient to allow the plaintiff to pay the filing fee without foregoing basic human needs).

## **RECOMMENDATION**

Accordingly, it is recommended that the District Judge deny Plaintiff's motion to proceed *in forma pauperis*. It is further recommended that, if the District Judge denies the motion, Plaintiff be given thirty (30) days from the District Judge's decision to pay the filing fee or this action will be dismissed for lack of prosecution. **Plaintiff's attention is directed to the important notice on the next page.**

|  |  |
|---|---|
| October 17, 2011 | s/Thomas E. Rogers, III |
| Florence, South Carolina | Thomas E. Rogers, III. |
|  | United States Magistrate Judge |

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).